ROCKINGHAM, AUGUST, 1877.*

---

Moore *v.* Kidder *& a.*

The levy of an execution for an amount which, by reason of accident or mistake, is excessive, is not necessarily in all cases wholly void.

Writ of Entry. (Reported in 55 N. H. 488.) The plaintiff claimed under a deed from one Downing.    The defendants claimed under the levy of an execution issued upon a judgment recovered by them against Downing in a suit in equity, in which the land was attached after the deed from Downing was delivered, and before it was recorded.    By the writ in that suit, the officer was commanded to attach property to the amount of $2,000.    The attachment was general,—of all the real estate of Downing in the town.    The land levied upon was appraised at $2,110,=2,053.32, the amount of the judgment, +$56.68, the costs of the levy.    At the trial of this case (Jan. term, 1876) the plaintiff contended that the lien acquired by the attachment could not exceed $2,000.    The court, *pro forma*, ordered a verdict for the defendants.    At the August (adjourned) term, 1876, it was decided (in accordance with *Searle* v. *Preston*, 33 Me. 214) that the attachment was not limited to $2,000, and that the levy was valid ; and judgment was ordered on the verdict.    The plaintiff moved for a rehearing.

*Hatch* and *Wood*, for the plaintiff.

*C. R. Morrison* and *Small*, for the defendants.

---

* Clark, J., sat in none of the cases decided at the August Adjourned Term, 1877, and Smith, J., in none except those in which he delivered the opinions.—Reporter.

DOE, C. J.   If the amount secured by the attachment could not exceed $2,000, the levy might be sustained to that amount.   *Avery* v. *Bowman,* 40 N. H. 453 ;  *C. P. Institution* v. *Stone,* 52 N. H. 365, 368 ; *Hobbs* v. *Hobbs, ante,* p. 81.   The defendants might be required to deposit $110 with the clerk for the plaintiff, or to convey to the plaintiff a proportional part of the land ; or, without a conveyance, the levy could be upheld as establishing a good title to a proportional part. If a conveyance were made, it might contain a stipulation that the expense of a partition should be borne by the defendants.   They might be required to obtain partition at their own expense.   The plaintiff might be allowed his election of land or money to the amount of $110. In various ways the plaintiff could be indemnified, and justice done without invalidating the whole levy.   When the defendants complied with all the conditions imposed upon them, judgment could be rendered on the verdict.   The question, whether an officer is authorized to attach property to an amount greater than that named in the writ, in this case is not, and in other cases is not likely to be, of great practical importance.

*Motion denied.*

FOSTER and STANLEY, JJ., did not sit.